**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00133-CR**
_____

**IN RE ELTON MACK MAXIE JR.**

_____

**Original Proceeding**
**356th District Court of Hardin County, Texas**
**Trial Cause No. 20557**
_____

**MEMORANDUM OPINION**

On March 30, 2026, this Court received Elton Mack Maxie Jr.'s (hereinafter

Maxie) pro se Original Petition for Writ of Mandamus (Petition).[1] In his Petition,

Maxie states that he is currently an inmate of the Texas Department of Criminal

Justice. Maxie complains that the trial court failed to orally pronounce his sentence.

---

[1] Maxie failed to identify the State as the Real Party in Interest and further failed to certify that he mailed a copy of the mandamus petition and record to the Real Party in Interest. *See* Tex. R. App. P. 9.5(a); 52.7(c). Additionally, Maxie failed to provide certified or sworn copies of the documents and failed to certify that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See id.* 52.3(j), 52.7(a)(1). We use Rule 2, however, to look beyond this and other deficiencies to reach an expeditious result. *See id.* 2.

1

Maxie was convicted of murder and sentenced to life in prison in trial cause number 20557, in the 356th District Court in Hardin County, Texas. Maxie's court appointed attorney filed an appeal for his conviction and that appeal was docketed in this court as *Maxie v. State*, No. 09-24-00308-CR. We issued a memorandum opinion affirming his conviction. *Maxie v. State*, No. 09-24-00308-CR, 2025 Tex. App. LEXIS 4218, **1-2 (Tex. App.—Beaumont June 18, 2025, no pet.) (mem. op., not designated for publication).

In our opinion, we explained that a grand jury had indicted Maxie for murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02. In the trial court, Maxie initially pleaded "not guilty," but later he changed his plea to "guilty" during trial prior to the State resting its case. The trial court accepted Maxie's "guilty" plea and found him guilty of the offense as charged in the indictment. After hearing evidence on punishment, the jury returned a verdict of guilty rejecting Maxie's special issue of sudden passion, and the jury assessed punishment at life in prison. The judgment reflects that the trial court sentenced Maxie in accordance with the jury's verdict to life in prison. In his appeal, Maxie's court-ordered attorney filed a brief stating that he had reviewed the case and, based on his professional evaluation of the record and applicable law, there were no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted an extension of time for Maxie to file a pro se brief, and Maxie

filed a pro se response arguing the trial court failed to orally pronounce his sentence in his presence. After reviewing the entire record, Maxie's attorney's brief, and Maxie's pro se brief, we found nothing that would arguably support an appeal, and we affirmed the trial court's judgment. We also told Maxie in footnote one of our memorandum opinion that he could challenge our decision in the appeal by filing a petition for discretionary review with the Texas Court of Criminal Appeals. *See* Tex. R. App. P. 68; *Maxie*, 2025 Tex. App. LEXIS 4218, at **1-2. Our mandate for the appeal was issued on August 12, 2025.

In his Petition, Maxie complains that the trial court failed to orally pronounce his sentence in trial court cause number 20557. However, we affirmed Maxie's conviction on appeal and his conviction has been final for almost a year, and cause number 20557 is not currently pending in the trial court. Maxie's Petition is not related to a case that is currently pending in the trial court, and Maxie has not shown that he is entitled to mandamus relief.

Moreover, Maxie's Petition is essentially a collateral attack on his conviction. We do not have authority to issue a writ of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding); *see also In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). Article 11.07 is the exclusive

procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death. *See* Tex. Code Crim. Proc. Ann. art. 11.07 §§ 1, 5. Additionally, "[a] trial court has no 'general' jurisdiction after a conviction becomes final." *In re Tex. Dep't of Crim. Just.*, 710 S.W.3d 731, 736 (Tex. Crim. App. 2025) (orig. proceeding).

Accordingly, we deny Relator's petition for writ of mandamus for want of jurisdiction. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on May 5, 2026
Opinion Delivered May 6, 2026
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

4